RECEIVED

APR 2 3 2009

Law Office

FILED
COURT OF COMMON PLEAS

APR 1 4 2009

LINDA K. FANKHAUSER, CLERK,
PORTAGE COUNTY, OHIO

IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY, OHIO

| | |
|---|---|
| DIANA WOOLF<br>10010 Hazelton Road<br>Streetsboro, Ohio 44241 )<br><br>Plaintiff, )<br><br>vs. )<br><br>CITY OF STREETSBORO )<br>C/O Blair Melling )<br>9184 State Route 43 )<br>Streetsboro, Ohio 44241 )<br><br>and )<br><br>THOMAS WAGNER )<br>10141 North Delmonte )<br>Streetsboro, Ohio 44241 )<br>(individually and in his official capacity) )<br><br>and )<br><br>WAYNE JOHNSON )<br>8926 Peck Road )<br>Ravenna, Ohio 44266 )<br>(individually and in his official capacity) )<br><br>Defendants. ) | 2009 CV00565<br><br>JUDGE<br><br>JUDGE LAURIE J. PITTMAN |

**COMPLAINT**
(Action in Mandamus and Declaratory Judgment;
Sex Discrimination, O.R.C. §§ 4112.02(A) & 4112.99,
Hostile Work Environment; O.R.C. 4112.02(I) Retaliation; Aiding and Abetting
Discrimination, O.R.C. 4112.02(J)
42 U.S.C. 1983, Fourteenth Amendment Equal Protection & Retaliation, First
Amendment Retaliation)

**JURY DEMAND ENDORSED HEREON**

1. Plaintiff Diana Woolf is an individual residing in Portage County, Ohio.

2. Defendant City of Streetsboro is a municipality located in Portage County, Ohio, which operates Streetsboro Fire Department.

3. The Streetsboro Civil Service Commission is a subdivision of the City of Streetsboro, created by Charter of the City of Streetsboro.

4. The Civil Service Commission is responsible for, among other things, the development, administration and scoring of promotional examinations for the Streetsboro fire Department.

5. Defendant Wayne Johnson was at all times pertinent herein the Chief of the Streetsboro Fire Department.

6. Defendant Thomas Wagner was at all times pertinent herein the Mayor of the City of Streetsboro.

7. Personnel for the Streetsboro Fire Department is set by the Defendant's ordinances, specifically Ordinance 141.01, which establishes the manpower for each rank as follows: 1 Fire Chief; 1 Assistant Chief; 3 Captains; 6 Lieutenants; up to 30 part-time Firefighters/EMTs/Paramedics; up to 15 full-time Firefighters/EMTs/Paramedics; up to 2 full-time Fire Inspectors.

8. Plaintiff Woolf has been employed full time with the Streetsboro Fire Department since Spetember 12, 2003.

9. Plaintiff Woolf was promoted to the rank of Lieutenant in 2006.

10. Plaintiff Woolf is the only female out of 37 uniformed employees.

11. When hired onto the department Plaintiff Woolf was assigned a mentor, Firefighter William Young, who advised Plaintiff that the department was uneasy about hiring her and that "they just don't want females here."

12. Since being hired into the Streetsboro Fire Department she has dealt with constant harassment, disrespect and humiliation that her male counterparts are not, including being told to "f*** off," that "girls cannot drive" and has been subjected to other acts of insubordination by firefighters within the Fire Department.

13. Since becoming Lieutenant she has been continuously ignored when giving orders to subordinates.

14. When she has reported the acts of subordinate firefighters towards her, no discipline has ever been imposed nor other official actions taken towards the offending firefighters even though their conduct has violated the rules, regulations and policies of the Defendant and Streetsboro Fire Department.

15. Plaintiff Woolf has also lacked properly fitting dive rescue gear although she has requested it on several occasions.

16. Plaintiff made numerous verbal and written complaints to the Defendant Johnson and the Mayor of the City of Streetsboro complaining about the sex discrimination and harassment to which she was being subjected in the Streetsboro Fire Department and Defendant Johnson's failure to stop or prevent it; Defendant Johnson has also observed Plaintiff being subjected to insubordinate behavior by subordinates and harassment towards her.

17. Although Defendant Wagner has been aware of the numerous complaints about harassment and hostile work environment made by Plaintiff, he has refused to address the issue and has instead referred to Plaintiff as the "loud-mouthed, dyke bitch."

18. At all times pertinent herein, there were no captains in the Streetsboro Fire Department.

19. In January, 2008, the Defendant Johnson submitted a written examination request to the Streetsboro Civil Service Commission to conduct a promotional examination for the rank of

Fire Captain; this request was received by the Civil Service Commission on January 25, 2008.

20. Collective bargaining agreement for the firefighters of the Streetsboro Fire Department paragraph 9.10, states that "employees hired prior to January 1, 2006, candidates for promotion as officers shall be employed a minimum of 30 months in the Streetsboro Fire Department full time division."

21. In January, 2008, Plaintiff had been employed full-time as a uniformed firefighter or Lieutenant in the Streetsboro Fire Department for over 30 months.

22. Plaintiff was eligible to take the Fire Captain promotional examination pursuant to the collective bargaining agreement paragraph 9.10.

23. Defendant Johnson's request for a promotional examination was approved by the Streetsboro Civil Service Commission and the announcement for the promotional examination was posted.

24. Plaintiff submitted her application in a timely manner for the Captain's promotional examination.

25. Despite clearly being eligible to take the Captain's promotional examination, Chief Johnson has consistently asserted that Plaintiff is not eligible to take the promotional examination.

26. Since and before its posting, Defendant Johnson has undertaken a course of conduct that has been intended and has served to obstruct and prevent Plaintiff from taking the Captain's promotional examination and to discriminate against Plaintiff on the basis of her gender.

27. Upon the posting of the promotional examination announcement, Defendant Johnson personally contacted two male candidates for the position to make them aware of the posting; Plaintiff was not contacted by Defendant Johnson.

28. Upon information and belief, the male candidates were advised of the reference materials for preparing for the promotional examination prior to the promotional examination posting.

29. Chief Johnson also caused the date for the promotional examination to be rescheduled on at least three separate occasions to accommodate schedule conflicts of the male promotional candidates.

30. Defendant Johnson even told the Civil Service Commission that she should not allow Plaintiff to take the captain's promotional examination.

31. Due to Defendant Johnson's incorrect assertions that Plaintiff was ineligible to take the Captain's promotional examination, the Civil Service Commission postponed administering the examination; to date, the promotional examination has not been administered despite the existence of the vacancies at the rank and the clear legal duty for there to be a promotional examination.

32. For the period June, 2007, through May, 2008, Plaintiff made numerous written complaints to the Mayor of the City of Streetsboro complaining about sex discrimination to which she was being subjected in the Streetsboro Fire Department and Chief Johnson's failure to stop or prevent it.

33. Plaintiff received no response to any of the written complaints she submitted.

34. Since the incidents with the Captain exam it has come to Plaintiff's attention that she has had several write ups in her personnel file that do not have her signature on them nor was she ever aware of them.

35. Plaintiff has been denied comp time and personal time since the incidents, but other male officers and firefighters have been approved their comp time or personal time for the same situations in which she was denied.

36. In 2006, Plaintiff inquired about a Fire Prevention position if one were to become available; Plaintiff was qualified for the position.

37. Plaintiff later found out that Defendant Johnson filled the Fire Prevention position with a lesser qualified male.

38. Plaintiff was never interviewed for the Fire Prevention position nor was the position ever posted.

39. Plaintiff grieved the denial of the Fire Prevention position, which was denied again by Defendant Johnson.

40. Plaintiff eventually had a meeting with Defendant Johnson and the Law Director concerning the denial of the Fire Prevention position.

41. In that meeting Plaintiff expressed that she wanted the position to seek impartial treatment and that denying it to her was gender discrimination, and that she was depressed due to the hostile work environment the Defendant Johnson had allowed.

42. In the same meeting Defendant Johnson told Plaintiff that she was eligible in the near future to take the Captain's exam. The Law Director then read the contract language and agreed that Plaintiff would be eligible to take the Captain's promotional examination.

43. Plaintiff advised Defendant Johnson and the Law Director that she would not pursue her grievance if she would have the chance to further advance herself in the department.

44. Plaintiff did not pursue her grievance based upon the representations and statements of Defendant Johnson and the Law Director regarding her eligibility to take the Captain's promotional examination.

45. All actions taken by the Defendants towards Plaintiff have been pursuant to the practices, policies and procedures of the City of Streetsboro, the Civil Service Commission Rules, or as officials of the City of Streetsboro.

46. Due to Defendants various acts and omission directed to Plaintiff she has suffered and continues to suffer damages in terms of loss of compensation and wages due to denial of promotion, entitling her to the award of Back Pay.

47. Due to Defendants various acts and omission directed to Plaintiff she has suffered and continues to suffer damages in terms emotional distress, humiliation, embarrassment, and general loss of enjoyment of life, all entitling her to the award of compensatory damages.

48. Plaintiff is entitled to the award of her reasonable attorneys fees, costs, and expenses to prosecute this case.

49. Due to Defendants Johnson and Wagner's intentional, malicious, wanton, willful and/or reckless disregard for the rights of Plaintiff, she is entitled to the award of punitive damages.

## COUNT I
### Action in Mandamus

50. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 41 and 44 of this Complaint as if fully rewritten herein.

51. Plaintiff has no adequate remedy at law to seeking the promotion or being promoted to the rank of Captain.

52. There is a clear legal duty for Defendant City and/or Defendant Civil Service Commission to conduct the Captain's promotional examinations.

53. Plaintiff is entitled to an order in mandamus ordering the City of Streetsboro and/or the City of Streetsboro Civil Service Commission to schedule and conduct a promotional examination to the rank of Captain.

## COUNT II
### Declaratory Judgment

54. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 41 and 44 of this Complaint as if fully rewritten herein.

55. Plaintiff is entitled to a declaratory judgment that she is eligible to take the Captain's promotional examination for the Streetsboro Fire Department.

## COUNT III
### Sex Discrimination, O.R.C. 4112.02 & 4112.99

56. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 49 of this Complaint as if fully rewritten herein.

57. Defendants various acts and omissions directed to her constitute sex discrimination in violation of O.R.C. 4112.02 and 4112.99.

## COUNT IV
### Sexual Harassment, O.R.C. 4112.02 & 4112.99

58. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 49 of this Complaint as if fully rewritten herein.

59. Defendants various acts and omissions directed to her constitute sexual harassment in violation of O.R.C. 4112.02 and 4112.99.

## COUNT V
### Hostile Work Environment, O.R.C. 4112.02 & 4112.99

60. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 49 of this Complaint as if fully rewritten herein.

61. Defendants have been and are subjecting Plaintiff to a hostile work environment based upon her gender in violation of O.R.C. 4112.02 and 4112.99.

## COUNT VI
### Retaliation, O.R.C. 4112.02(I)

62. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through

49 of this Complaint as if fully rewritten herein.

63. Defendants various acts and omissions directed to her constitute retaliation in violation of

O.R.C. 4112.02(I).

## COUNT VII
### Retaliatory Harassment, O.R.C. 4112.02(I)

64. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through

49 of this Complaint as if fully rewritten herein.

65. Defendants various acts and omissions directed to her constitute retaliatory harassment in

violation of O.R.C. 4112.02(I).

## COUNT VII
### Aiding and Abetting discrimination, O.R.C. 4112.02(J)

66. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through

49 of this Complaint as if fully rewritten herein.

67. All Defendants various acts and omissions directed towards Plaintiff constitute aiding and

abetting discrimination in violation of O.R.C. 4112.02(J).

## COUNT VIII
### 42 U.S.C. 1983, Fourteenth Amendment Equal Protection

68. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through

49 of this Complaint as if fully rewritten herein.

69. Defendants various acts and omissions directed towards her based upon her gender, including

sexual harassment and subjecting her to a hostile work environment based upon her gender

and/or retaliation constitute violations of 42 U.S.C. 1983, under the Equal Protection clause

of the Fourteenth Amendment to the United States Constitution.

## COUNT IX
### 42 U.S.C. 1983, First Amendment, Freedom of Speech

70. Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through

49 of this Complaint as if fully rewritten herein.

71. Defendants various acts and omissions directed towards her constitute violations of 42

U.S.C. 1983, under the Freedom of Speech clause of the First Amendment to the United

States Constitution.

WHEREFORE, Plaintiff prays this Court grant her judgment against the

Defendants, jointly and severally, and award her relief as follows:

(a) An order in mandamus requiring the City of Streetsboro Civil Service Commission to

conduct promotional examinations for the rank of Captain;

(b) An order in that the action in mandamus benefits more than Plaintiff Diana Woolf,

but is for the general benefit of the City of Streetsboro and all eligible candidates for

the Captain's promotional examination;

(c) Declaratory judgment that Plaintiff Diana Woolf is eligible to take the Captain's

promotional examination;

(d) Back Pay;

(e) Compensatory damages;

(f) Due to the intentional, wanton, willful, malicious and/or reckless disregard for the

rights of Plaintiff Woolf, punitive damages against Defendants Johnson and Wagner;

(g) Reasonable attorneys fees, costs and expenses incurred by Plaintiff Woolf to

prosecute this action;

(h) Any other relief this Court deems necessary and just.

Respectfully submitted,

Dennis R. Thompson #0030098
tmpsnlaw@sbcglobal.net
Christy B. Bishop #0076100
bishopchristy@gmail.com
Thompson & Bishop
2719 Manchester Road
Akron, Ohio 44319
330-753-6874
330-753-7082 (facsimile)

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands a trial by jury for each of her claims and causes of action in this complaint to the extent permitted by law.

Dennis R. Thompson

## AFFIDAVIT OF DIANA WOOLF

Now comes Diana Woolf, who being duly sworn, states the following:

1. I am the named Plaintiff in the Complaint filed against the City of Streetsboro, Wayne Johnson and Thomas Wagner.

2. I have personal knowledge of the facts and events contained in this affidavit.

3. I have been employed by the City of Streetsboro Fire Department since September 12, 2003.

4. I was promoted to the rank of Lieutenant in 2006; I scored the highest of all the candidates on the Lieutenant's promotional examination.

5. I obtained a copy of the Ordinance 141.01 from the Streetsboro City Council Clerk's Office; the language cited in the Complaint referring to Ordinance 141.01 is taken verbatim from the Ordinance.

6. I am a member of IAFF Local 4281 and have a copy of the applicable collective bargaining agreement (CBA) between the City of Streetsboro and IAFF Local 4281; the provision of the CBA cited in the Complaint is taken directly from the union contract.

7. I have reviewed the allegations contained in the Complaint and acknowledge that they are true to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Diana Woolf

**State of Ohio**              )
                              )ss
**County of Summit**          )

    Sworn to and subscribed before me, a Notary Public in and for said County and State this 14 day of April, 2009.

_Tammy L Byers_
Notary Public

TAMMY BYERS
RESIDENT OF SUMMIT COUNTY
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES _oct. 4, 2009_.

Portage County Common Pleas Court
203 W Main St
Po Box 1035
Ravenna Ohio  44266-1035

Case Number: 2009 CV 00565

## CIVIL SUMMONS

**PLAINTIFF(S):**

DIANA WOOLF  10010 HAZELTON RD  STREETSBORO OH 44241

### VS

**DEFENDANT(S):**

CITY OF STREETSBORO  % BLAIR MELLING 9184 STATE ROUTE 43  STREETSBORO OH 44241
THOMAS WAGNER  INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
10141 N DELMONTE  STREETSBORO OH 44241
WAYNE JOHNSON  INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY 8926 PECK RD  RAVENNA OH 44266

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

CHRISTY B BISHOP 2719 MANCHESTER RD AKRON OH 44319

### DEFENDANT TAKE NOTICE

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above.  Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**LINDA K FANKHAUSER, CLERK**

Deputy Clerk
**DATE:  April 22, 2009**